

**DIVISION OF
ENFORCEMENT**

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

# <u>MEMO ENDORSED</u>

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __06/26/2026__

June 25, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, New York 10007

      Re:    *Securities and Exchange Commission v. Hollender, et al.,* 23 Civ. 2456 (LAK)

Dear Judge Kaplan:

      Plaintiff Securities and Exchange Commission (the "SEC") respectfully moves to lift the stay in this case. The related criminal proceeding, *United States v. Castillero, et al.*, 23 Cr. 622 (JMF) (S.D.N.Y.) (the "Criminal Case") has concluded—satisfying the sole condition the Court imposed for lifting the stay. (*See* Order Staying Case, Dkt. No. 42, entered March 4, 2024 ("Order").) The United States Attorney's Office for the Southern District of New York ("USAO-SDNY") does not object to lifting the stay. *Pro Se* defendants Scott Hollender ("Hollender") and Gabriel Migliano, Jr. ("Migliano") do not oppose the SEC's motion.

      As background, on March 23, 2023, the SEC filed its Complaint alleging that, between 2017 and 2021, defendants Hollender, Migliano, and Frank Vecchio ("Vecchio") acted as unregistered sales agents for StraightPath Venture Partners, LLC ("StraightPath") and solicited investments in fraudulent offerings by private funds that purportedly owned "pre-IPO" shares of private companies that could "go public" in the future. (*See* Dkt. No. 1.) The Complaint alleges violations of Section 17(a) of the Securities Act of 1933 and Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and seeks permanent injunctions, disgorgement of ill-gotten gains plus prejudgment interest, and civil penalties.[1]

      On November 29, 2023, an indictment was unsealed in the Criminal Case charging Michael A. Castillero, Francine A. Lanaia, and Brian K. Martinsen—the principals of StraightPath and named defendants in the related civil enforcement action *SEC v. StraightPath, et al.*, 22 Civ. 3897 (LAK) (S.D.N.Y.)—with multiple counts including conspiracy to commit securities fraud, wire fraud, and investment adviser fraud, and substantive counts of each offense, arising from the same underlying scheme. (*See* Criminal Case Dkt. No. 1.) On February 26, 2024, the USAO-SDNY moved to

---

[1] On May 11, 2023, the Court entered a partial Judgment on consent against Defendant Vecchio, imposing the SEC's requested permanent injunctive relief. (*See* Dkt. No. 21.) On September 10, 2024, the Court entered a Final Judgment on consent against Defendant Vecchio, which also ordered disgorgement of $479,821.84 plus prejudgment interest of $64,427.93, and a civil penalty of $90,000. (*See* Dkt. No. 48.)

Hon. Lewis A. Kaplan                                                                                               Page 2
June 25, 2026

intervene and seek a stay of this matter. (*See* Dkt. No. 39.) On March 4, 2024, the Court stayed this action "in its entirety until the completion of the Criminal Case." (*See* Order.)

In November 2025, all three Criminal Case defendants were convicted on all counts at trial. Sentencing of all the Criminal Case defendants was also completed last month, with final judgments entered on May 21, 2026. (*See* Criminal Case Dkt. Nos. 244–246.) The Criminal Case has therefore concluded, extinguishing the legal basis for the stay.

Accordingly, the SEC respectfully requests that the Court lift the stay and restore this case to its active docket. The parties propose to confer and submit a revised civil case management plan and scheduling order for the Court's consideration within 45 days of the stay being lifted.

Respectfully submitted,

*/s/ Sushila Rao*
Sushila Rao Pentapati
Senior Trial Counsel

cc: *Pro Se* Defendant Scott J. Hollender (by email)
    *Pro Se* Defendant Gabriel F. Migliano, Jr. (by email)


**Memorandum Endorsement**

**Granted. The case stay is lifted. The parties shall submit a proposed revised civil case management plan and scheduling order within 45 days.**

**SO ORDERED.**

**/s/ Lewis A. Kaplan**
**U.S. District Judge**

**Dated: June 26, 2026**